MOSES ADAMS *v.* JAMES CASAWAY, ET. AL.

[Abstract Kentucky Law Reporter, Vol. 7—533.]

**Suit to Enforce Vendor's Lien.**
    One who sells and conveys land to which he has no title, and who conceals from his vendee the facts showing his want of title, can not recover purchase-money and foreclose his alleged vendor's lien therefor.

**Rescission of Contract to Purchase Real Estate.**
    One who has been induced to buy real estate and pay a part of the price and give his notes for the balance by the false representations of the vendor, and through concealment of the fact that the

vendor has no title, and induced to accept a special warranty deed, when sued by such vendor for the balance of the purchase-money, may set up the facts, showing such deceit and that a paramount title has been successfully asserted against him, and have such contract rescinded and recover from the vendor the money paid to him and expended in defending his title.

## APPEAL FROM CARTER CIRCUIT COURT.

### January 16, 1886.

Opinion by Judge Lewis:

March 10, 1875, Moses Adams sold and conveyed to appellee, Casaway, a tract of land described by metes and bounds, part of the consideration of which was paid, and for the balance notes were executed. This action was commenced March, 1876, to recover on the notes and to enforce the vendor's lien to satisfy the judgment.

In his answer, made a counterclaim, Casaway says that at the time he purchased the land an action was pending in Greenup county, brought up by Wadsworth against the representatives and heirs of Allen Adams, deceased, to recover the purchase-price of a tract of four hundred seventy acres, including the tract in controversy, to which Moses Adams, appellant, was a party but of which he, Casaway, had no knowledge, and that a judgment was rendered in that action for the sale of the four hundred seventy acres, and in pursuance thereof it was sold and purchased by appellee, Curunn, who in virtue of a process from that court was put in possession of the land, Casaway, or his tenant, being turned out by the officers executing the writ. He further states that the nominal rights to the land had before his purchase been sold by those having title to the land to a company, but this fact he was ignorant of, but it was known to the vendor and concealed by him. He alleges that the superior title of Wadsworth or his vendor, Allen Adams, and the pendency of the action mentioned, as well as the previous sale of the nominal rights, were fraudulently concealed from him by the appellant, and he was induced to make the purchase and to accept a deed for the land containing a clause of special warranty merely by reason thereof. He alleges that appellant has no title to the land and is utterly insolvent, and therefore asks for a rescission of the contract and recovery back of the portion of purchase-money he has

paid. Subsequently Curunn was made a party to the action and claimed title to the land under his purchase at the judicial sale.

The lower court rendered judgment for a rescission of the contract between Adams and Casaway and for the amount paid by the latter in favor of Curunn on the issue of title between him and appellant. We think the court erred in striking from the files the reply of appellant filed in January, 1881, for the answer of Curunn, to which it was intended to be a reply, contained affirmative allegation upon which he relied to sustain his alleged superior title and possession acquired in virtue of the writ of possession, and was essentially a counterclaim, and notwithstanding the pleading was filed under a former code it was improper to strike it out. We shall, therefore, consider the questions involved as if the reply were before us, and give to it all the force and effect it would have had without the owner striking it from the files.

It appears that the land in controversy is a part of a survey patented to one Henry many years ago, and that his heirs in an action of ejectment against various defendants recovered the land in 1859. To that action it is agreed one Bays, under whom appellant claims, was a party defendant. In 1865, in an action by Bays' heirs against the heirs of Henry, a judgment was rendered. In that judgment it is recited that November 23, 1859, Bays purchased from Henry's heirs, plaintiffs in the ejectment suit, a tract of four hundred seventy acres, being the same claimed by him under Hunt, etc., defendants in the ejectment suit, but the coal and mining privilege was reserved. By that judgment the tract was directed to be sold to pay the purchase-money due by Bays, and in 1866 it was sold by a commissioner of court and purchased by Henry's heirs, for whose benefit the sale was made. Subsequently, in March, 1867, Wadsworth instituted an action to subject the same land to the payment of debts which he alleged the heirs of Henry owed to him, and under judgment rendered thereon it was sold and purchased by him. In 1869 Wadsworth sold the tract to Allen Adams, but in the deed therefor he warranted the title to all the land generally, except such part thereof as might then be in the possession of Robert Parsons and claimed by him. As to that he warranted specially against those claiming under him, the grantor. In January, 1876, Wadsworth instituted an action against the heirs and representative of Allen Adams to enforce his lien for the unpaid purchase-money, and under the sale adjudged in that case the four hundred seventy

acre tract was sold and purchased by appellee Curunn, who as already mentioned was put in possession. There is no deed or other written evidence of the sale of the land in controversy by Bays to Parsons. But the latter states in his deposition he purchased it in 1858 and held possession, claiming to a marked boundary until 1870, when he sold and conveyed it to appellant, Adams, who held it until 1875, when he sold to Casaway, who had possession until when he was turned out and Curunn put in possession.

There can be no question but that Parsons and Adams had the continuous possession for more than fifteen years previous to the sale by the latter to Casaway, and if such possession be regarded as adverse in legal contemplation there is no question but that it had ripened into a good title when Casaway purchased. But when Parsons purchased from Bays and took possession in 1858 the action of ejectment by the heirs of Henry was then pending, Bays being a party defendant thereto, and a verdict in favor of the plaintiffs was rendered in that action in 1859, after Parsons' alleged purchase. Moreover, in 1859, Bays purchased from the heirs of Henry four hundred seventy acres, which includes the land in controversy. That was in 1865 sold under judgment to pay the purchase-price he had agreed to give, and purchased by the plaintiffs, the heirs of Henry. Parsons can not, therefore, be regarded otherwise than a pendente lite purchaser, and consequently was bound, as was his alleged vendor, Bays, by the judgment rendered in the ejectment suit in 1859. Although Bays was bound to him for a title and he continued to hold possession under his purchase from Bays, he yet held as Bays did, not adversely to the heirs of Henry, but as their vendee; and the entire tract of four hundred seventy acres, including the portion he purchased, was encumbered with a lien for the purchase-price Bays in 1859 agreed to pay Henry's heirs, for the four hundred seventy acres were sold for the purchase-money under the judgment rendered in 1865, in favor of the heirs of Henry against the heirs of Bays, for not until then did the relation between Henry's heirs and himself, as vendor and vendee, cease.

It follows that appellant, Adams, had not, when he sold the land to Casaway in 1875, acquired a possessory title to the land, and there is no evidence whatever that he had any other. Besides being a party to the action of Wadsworth against Allen Adams, we are inclined to think he is estopped to deny the title of Curunn acquired under a judgment rendered in that action, though we do

not deem it necessary to determine that question. The remaining inquiry is whether Casaway, having accepted a deed with special warranty only, and being in possession when this action was commenced, can successfully resist a judgment for the unpaid purchase-money and have a rescission of the contract.

The allegation, in substance, is that he was induced to accept the deed by the fraudulent representations of appellant, Adams, that he had a good title to the land, and the fraudulent concealment of the superior title of Wadsworth, or his vendee, Allen Adams, of which he, Casaway, was ignorant and he, Moses Adams, was aware. It appears from the evidence that the first instalment of the purchase-price was paid and the deed delivered to a brother and agent of Casaway, he not being present; that before the money was paid or the deed accepted the agent objected to the form in which it was written, and at the suggestion of appellant they went to Grayson, the county seat of Carter county, in which the land or greater part of it is situated, for the purpose of an examination of the records, and it was not until after such examination and their failure to discover any defect in the title, and the assurance given by appellant that there existed none, that the agent closed the contract and accepted the deed. The fraud of appellant consisted in his concealment of the existence of the various suits we have referred to in the Greenup Circuit Court, in which county a portion of the four hundred seventy acre tract was, of which neither Casaway nor his agent were aware, or in reference to which they were put on inquiry, for it was in that court and not by the record in Carter county that the actual character of appellant's title could be ascertained, and this the evidence conduces to show appellant fraudulently concealed from Casaway; and having thus induced appellee to accept the deed in the form it was drawn he should not be permitted to avail himself of the advantage and thereby profit by his own wrong.

As a necessary consequence of appellant's inability to make a good title the contract ought to be rescinded. It is not necessary to consider at length the issue between appellant and appellee, Curunn, for the ground upon which we have concluded the contract between appellant and Casaway should be rescinded is that the title to the land is in appellee, Curunn, and not in appellant. Wherefore the judgment is *affirmed*.

*Roe & Roe, for appellant.*
*E. F. Dulin, John Elliot, for appellees.*